Case 2:20-cv-00106-JLB-NPM Document 3 Filed 02/19/20 Page 1 of 5 PageID 53

Filing # 100147466 E-Filed 12/11/2019 01:09:57 PM

CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

| | |
|---|---|
| TRACEY VILLALBA, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. |
| SHARECARE, INC., a Delaware corporation, | Judge: |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **TRACEY VILLALBA** ("**VILLALBA**"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under Florida's Private Whistleblower Statute § 448.102 ("FWA") violation of Florida Statute § 448.102, the damages for which exceed $15,000.00.

**PARTIES**

2. The Plaintiff, **TRACEY VILLALBA** ("**VILLALBA**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida but who worked for the Defendant in Collier County, Florida.

3. Defendant, **SHARECARE, INC.** ("Defendant") is a Delaware corporation with a principal place of business located in Atlanta, Georgia. The Defendant employed **VILLALBA** in Collier County, Florida. The Defendant employs in excess of 10 employees and is an employer under the FWA.

1

4. At all times relevant to the instant action, the Defendant was **VILLALBA**'s employer within the meaning of the FWA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under F.S. § 26.012.

6. Venue is proper in Collier County under F.S. §47.011 because the Plaintiff works and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida.

## GENERAL ALLEGATIONS

7. **VILLALBA** began working for the Defendant on or about June 19, 2017 as a senior consultant.

8. The Occupational Safety and Health Act's (OSH Act) General Duty Clause requires employers to provide a safe and healthful workplace for all workers covered by the OSH Act, such as the Defendant.

9. Section 5(a)(1) of the OSH Act, or P.L. 91-596 (the "General Duty Clause") provides that: "Each employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. 654(a)(1)

10. Workplace violence is the third leading cause of occupational death in the United States.

11. In the afternoon hours of July 3, 2019, **VILLALBA** was accosted by her supervisor and suffered physical violence in the Defendant's Naples office.

12. **VILLALBA** reported the unsafe workplace and her objections to her supervisor's aggressive physical striking in writing shortly before 5:00 P.M. on July 3, 2019.

Case 2:20-cv-00106-JLB-NPM Document 3 Filed 02/19/20 Page 3 of 5 PageID 55

13. The Defendant's offices were closed on July 4, 2019 for Independence Day.

14. Upon Plaintiff meeting with the Defendant's supervisor on the morning of July 5, 2019, Defendant's Human Resource Representative, who was on the phone, terminated **VILLALBA'S** employment, and refused to provide **VILLALBA** with a reason for the termination.

15. The Defendant took no appropriate remedial action in regard to **VILLALBA**'s complaint of an unsafe workplace.

16. Instead, as a result of her engaging in statutorily protected activity, the Defendant suddenly terminated **VILLALBA**.

17. As a direct and proximate result of objecting to and filing a complaint regarding the Defendant's violations of law by failing to provide a safe workplace, the Defendant subjected **VILLALBA** to adverse employment action, to wit: her termination.

18. At the time of her termination, **VILLALBA** was an employee in good standing and was not under any performance improvement plan.

19. **VILLALBA** was wrongfully terminated in violation of Florida law.

## COUNT I – VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT

20. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

21. **VILLALBA** was an employee of the Defendant, a private company.

22. At all material times, **VILLALBA** was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

3

"An employer may not take any retaliatory personnel action against an employee because the employee has:

(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;

(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

23. **VILLALBA** did engage in statutorily protected activity by her written objection to the Defendant's unsafe workplace.

24. Immediately after engaging in statutorily protected activity, **VILLALBA** suffered negative employment action – her termination – which is a direct result of her statutorily protected activity.

25. **VILLALBA**'s termination and her engaging in statutorily protected activity are causally related.

26. The Defendant knew that **VILLALBA** was engaged in protected conduct as referenced herein and took adverse action against **VILLALBA** because of it.

27. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, **VILLALBA** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

28. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **VILLALBA** is entitled to all relief necessary to make her whole.

4

WHEREFORE, Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) an injunction restraining continued violation of this act,

(b) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(c) reinstatement of full fringe benefits and seniority rights,

(d) compensation for lost wages, benefits, and other remuneration,

(e) any other compensatory damages allowable at law,

(f) attorney's fees, court costs and expenses, and

(g) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff **VILLALBA** respectfully demands a jury trial under the Florida Rules of Civil Procedure and respectfully requests judgment against the Defendant.

Respectfully submitted,

Dated: December 11, 2019

/s/ Benjamin H. Yormak
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com