UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRACEY VILLALBA,

    Plaintiff,

v.                                  Case No.: 2:20-cv-106-FtM-38NPM

SHARECARE, INC.,

    Defendant.
_____/

## ORDER[1]

Before the Court is Defendant's Notice of Removal (Doc. 1). Defendant removed from state court based on diversity jurisdiction. The Court must inquire into jurisdiction whenever it may be lacking. *See Kokkonen v. Guardian Life Inc. Co. of Am.*, 511 U.S. 375, 377 (1994). Diversity jurisdiction requires completely diverse parties and an amount in controversy over $75,000. 28 U.S.C. § 1332(a).

While the parties are diverse, the only hint at an amount in controversy is Plaintiff's settlement offer for $92,900, not including any attorney's fees or costs. (Docs. 1 at 2-3; 1-3). Defendant is correct settlement offers may support removal. *E.g.*, *Alilin v. State Farm Mut. Auto. Ins.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014). Yet by their nature, settlement offers (even post-suit) reflect a fair amount of puffing and posturing. *See Brooks v. Sears, Roebuck & Co.*, No. 6:18-cv-554-Orl-37DCI, 2018 WL 3545421, at *2 (M.D. Fla. July 24, 2018). So on their own, settlement

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

offers are typically not enough to establish an amount in controversy over $75,000. *E.g.*, *Mendoza v. Thibaudeau*, No. 2:16-cv-466-FtM-38CM, 2016 WL 11410897, at *3 (M.D. Fla. Oct. 18, 2016) ("Although a settlement offer, by itself, is not determinative as to amount in controversy, it 'counts for something.'" (citation omitted)). Because all that Defendant presents is Plaintiff's settlement offer, the amount in controversy—and thus jurisdiction—is unclear.

Accordingly, it is now

**ORDERED:**

Defendant must **SUPPLEMENT** its Notice of Removal (Doc. 1), **on or before February 28, 2020**, to show cause why this case should not be remanded for lack of subject-matter jurisdiction. **Failure to comply with this Order will result in remand of the case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of February, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record